UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **MARY BELL**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**LEE HEALTH SYSTEM, INC.**, a Florida corporation,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:25-cv-939<br><br>Judge:<br><br>Mag. Judge: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, MARY BELL ("BELL" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

**CAUSES OF ACTION**

1.  This is an action brought under the Age Discrimination in Employment Act (ADEA) and the Florida Civil Rights Act (FCRA) for (1) age discrimination in violation of the ADEA, (2) age discrimination in violation of the FCRA, (3) retaliation in violation of the ADEA, and (4) retaliation in violation of the FCRA.

1

## PARTIES

2. The Plaintiff, MARY BELL ("BELL") is an individual and was a resident of Florida at all material times while employed by the Defendant in Lee County, Florida.

3. Defendant, LEE HEALTH SYSTEM, INC. ("Defendant") is a Florida not-for-profit corporation that employed BELL in Lee County, Florida.

4. At all material times, the Defendant employed greater than twenty (20) employees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over BELL's state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked for the Defendant in Lee County, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division since Lee County is within the Fort Myers Division.

8. BELL received her Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on September 9, 2025 and the Complaint is filed within the time frame required under the law.

## **GENERAL ALLEGATIONS**

9. BELL began her employment with the Defendant in February 2000 and was employed as a Registered Nurse, advancing through various educator and leadership roles throughout her employment.

10. BELL's final position was Director of Emergency Services in the Emergency Services Department at Cape Coral Hospital, which began on May 7, 2023.

11. BELL was born on September 12, 1959, and thus was 65 years old at the time of her termination by the Defendant.

12. BELL always performed her assigned duties in a professional manner and was very well qualified for her position despite her age. Throughout her over 24-year career with Defendant, she "sat on multiple committees, authored multiple policies, authored multiple trauma guidelines, was nominated for a nursing excellence award, won a trauma award, was a published author in the Journal of Emergency Nursing, helped 2 emergency departments win the Lantern award and was chosen by Candace Smith to attend the women in leadership classes representing CCH."

13. BELL had an exemplary employment record spanning over 24 years without any coaching or corrective action until after her supervisor Candace Smith CNE passed away and Rebekah Jernstedt assumed the CNE role.

14. However, beginning in November 2023, BELL was subjected to a pattern of age-related harassment and discriminatory comments from various supervisors and colleagues, including:

   a. November 2023: Jessica Plante, Nurse Manager, made several references to the CCH Leadership being led by "old nurses with outdated thinking";

   b. March 20, 2024: Jessica Plante made several comments about BELL being "close to retiring";

   c. June 6, 2024: Jessica Plante made remarks regarding BELL's and Susan Ratti's age and getting "too old to still be doing ER nursing";

   d. July 2024: Kim Taylor, Nurse Manager, made reference to BELL's age and how long she had been at Lee Health;

   e. September 4-7, 2024: BELL started receiving retirement emails from a company hired by Defendant;

   f. Early-mid September 2024: Lynn Edwards sent recruiters to BELL's voicemail and asked when she might be "hanging it up."

15. BELL reported the age-related discriminatory comments to HR (Jennifer James Bass) in March 2024, but Defendant took no action to counsel the employees making discriminatory comments.

16. On June 11, 2024, BELL was issued a Decision Making Leave (DML) based on allegations of timekeeping violations, despite the fact that she

4

had been explicitly told by her predecessor, Candace Smith CNE, that managers could "flex their hours depending on meetings, surveys and the needs of the department."

17. BELL properly appealed the DML through Defendant's chain of command by emailing Jennifer Higgins, CNO, expressing that the corrective action was harsh and that she had followed the direction given by the previous CNE.

18. Following BELL's appeal, she was subjected to increased scrutiny and an "active investigation" that appeared designed to find grounds for termination.

19. On October 7, 2024, Defendant terminated BELL's employment, citing alleged policy violations that were pretextual in nature.

20. At all material times, the Defendant was aware of BELL's age, which was the basis for its discriminatory employment practices toward her.

21. BELL's termination occurred shortly after she challenged the age-discriminatory corrective action and was in retaliation for her protected activities.

## **COUNT I - VIOLATION OF THE ADEA**

22. Plaintiff incorporates by reference Paragraphs 1-21 of this Complaint as though fully set forth below.

23. BELL was an employee and the Defendant was her employer covered by and within the meaning of the ADEA.

24. BELL is a member of the protected age class (over the age of 40).

25. BELL was well qualified for the positions she held with the Defendant, having over 24 years of exemplary service.

26. Despite her qualifications, BELL has suffered adverse employment action in the form of termination.

27. BELL was replaced by or her duties were assumed by younger employees with inferior qualifications and performance.

28. The Defendant sought applicants for the same position that BELL held who were outside of BELL's protected class.

29. The Defendant has discriminated against BELL in the terms and conditions of her employment on the basis of her age, in violation of ADEA.

30. The Defendant engaged in unlawful employment practices in violation of the ADEA, 29 U.S.C. § 623, by terminating BELL because of her age.

31. The Defendant's violations of the law were knowing and willful.

32. A causal connection exists between BELL's age and her termination.

33. As a result of the above-described violations of the ADEA, BELL has been damaged by the Defendant in the nature of lost wages, salary,

6

employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

34. BELL has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Liquidated damages, and;

vi. Such other relief as this Court shall deem appropriate.

### **COUNT II - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT - AGE DISCRIMINATION**

35. Plaintiff incorporates by reference Paragraphs 1-21 of this Complaint as though fully set forth below.

36. BELL was an employee, and the Defendant was her employer covered by and within the meaning of the FCRA.

37. BELL is a member of the protected age class (over the age of 40).

38. BELL was well qualified for the positions she held with the Defendant.

39. Despite her qualifications, BELL has suffered adverse employment action in the form of termination.

40. BELL was replaced by or her duties were assumed by younger employees with inferior qualifications and performance.

41. The Defendant sought applicants for the same positions that BELL held who were outside of BELL's protected class.

42. The Defendant has discriminated against BELL in the terms and conditions of her employment on the basis of her age, in violation of the FCRA.

43. The Defendant engaged in unlawful employment practices in violation of the FCRA by terminating BELL because of her age.

44. The Defendant's violations of the law were knowing and willful.

45. A causal connection exists between BELL's age and her termination.

46. As a result of the above-described violations of the FCRA, BELL has been damaged by the Defendant in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

47. BELL has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

  i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

  ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

  iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

  iv. Reasonable attorney's fees plus costs;

  v. Compensatory damages;

  vi. Punitive damages, and;

  vii. Such other relief as this Court shall deem appropriate.

## **COUNT III - VIOLATION OF THE ADEA - RETALIATION**

48. Plaintiff incorporates by reference Paragraphs 1-21 of this Complaint as though fully set forth below.

49. Following BELL's objection to age discrimination and her appeal of the discriminatory DML through the chain of command, the Defendant retaliated by subjecting her to increased scrutiny and ultimately terminating her employment.

50. BELL's objection to age discrimination and her appeal of the discriminatory corrective action constitute protected activities because such actions were in furtherance of rights secured to her by law.

51. Said protected activity was the proximate cause of the Defendant's negative employment actions against BELL including increased scrutiny, investigation, and ultimately termination.

52. Instead of ceasing its disparate treatment based upon age, the Defendant retaliated against BELL via increased scrutiny and termination.

53. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the ADEA.

54. As a direct and proximate result of the violations of the ADEA, as referenced and cited herein, BELL has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

55. As a direct and proximate result of the violations of the ADEA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, BELL is entitled to all relief necessary to make her whole as provided for under the ADEA.

56. As a direct and proximate result of the Defendant's actions, BELL has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

57. BELL has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

11

  iv. Reasonable attorney's fees plus costs;

  v. Liquidated damages, and;

  vi. Such other relief as this Court shall deem appropriate.

## COUNT IV - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 – RETALIATION

58. Plaintiff incorporates by reference Paragraphs 1-21 of this Complaint as though fully set forth below.

59. Following BELL's objection to age discrimination and her appeal of the discriminatory DML through the chain of command, the Defendant retaliated by subjecting her to increased scrutiny and ultimately terminating her employment.

60. BELL's objection to age discrimination and her appeal of the discriminatory corrective action constitute protected activities because such actions were in furtherance of rights secured to her by law.

61. Said protected activity was the proximate cause of the Defendant's negative employment actions against BELL including increased scrutiny, investigation, and ultimately termination.

62. Instead of ceasing its disparate treatment based upon age, the Defendant retaliated against BELL via increased scrutiny and termination.

63. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the FCRA.

64. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, BELL has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

65. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, BELL is entitled to all relief necessary to make her whole as provided for under the FCRA.

66. As a direct and proximate result of the Defendant's actions, BELL has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

67. BELL has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

   i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

13

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: October 17, 2025        **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
Yormak Employment & Disability Law
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com

14